IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DAVID LEVY, ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| ) | |
| INK PUBLISHING CORPORATION ) | |
| and STEPHEN ANDREWS, ) | |
| ) | |
| Defendants. ) | |
| ) | |

_____

**COMPLAINT FOR DAMAGES**

COMES NOW Plaintiff David Levy (hereinafter "Plaintiff"), by and through the undersigned counsel, and files this Complaint for Damages against Defendant Ink Publishing Corporation and Defendant Stephen Andrews (hereinafter "Defendants"), and shows the following:

**I. Nature of Complaint**

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages for Defendants' failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter "FLSA") during Plaintiff's employment with Defendants (hereinafter referred to as the "relevant time period"), as well as damages for Defendants' violations of the FLSA anti-retaliatory provisions arising under Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), and for damages for Defendants' violation of state law.

## II. **Jurisdiction and Venue**

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b) of the FLSA and 28 U.S.C. §1331. Plaintiff also invokes this Court's pendent jurisdiction pursuant to 28 U.S.C. §1367 to hear Plaintiff's state law claims.

4.

Defendant Ink Publishing Corporation is a foreign corporation organized pursuant to Delaware law, having its principal office at the Capital Building, Suite 400, 255 East Paces Ferry Road, Atlanta, Georgia, 30305; furthermore, a substantial part of the unlawful employment practices giving rise to the claims

described herein occurred in the Northern District of Georgia. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §216(b); 28 U.S.C. § 1391; LR 3, Northern District of Georgia.

5.

Defendant Stephen Andrews is a Georgia resident and resides at 808 Amsterdam Avenue, N.E., Atlanta, Georgia 30306-3449, within this judicial district.

### III. Parties

6.

Plaintiff is a resident of the State of Georgia and is subject to the jurisdiction of this Court.

7.

Plaintiff was employed by Defendants from on or about May 1, 2008, through June 1, 2011, as a business development manager.

8.

Plaintiff was an "employee" (as defined under FLSA §3(e), 29 U.S.C. §203(e)) for Defendants.

9.

Plaintiff performed non-exempt labor for the Defendants within the last three years.

10.

Defendants employed Plaintiff during the relevant time period.

11.

Defendant Ink Publishing Corporation is a private employer engaged in interstate commerce, including providing inflight magazines for airlines across the United States and around the world.

12.

Defendant Ink Publishing Corporation's gross revenues exceed $500,000 per year.

13.

Defendant Ink Publishing Corporation is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

14.

Defendant Stephen Andrews is the U.S. Publishing Director of Ink Publishing Corporation and is over the entire operation in the United States. During all times relevant to this action, Defendant Andrews was Plaintiff's

supervisor who had discretion over Plaintiff's payroll and overtime compensation. Defendant Andrews acted both directly and indirectly in the interest of Ink Publishing Corporation in relation to Plaintiff.

15.

Defendant Andrews is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

16.

Defendants are governed by and subject to FLSA §§7 and 15, 29 U.S.C. § 204 and § 215.

## IV.  Facts

17.

Plaintiff worked for Defendants within the past three years.

18.

Defendants hired Plaintiff on or about May 1, 2008, as a business development manager in the Atlanta, Georgia office. Plaintiff occupied this position until his termination on June 1, 2011.

19.

Plaintiff performed work that primarily included making outbound sales calls via telephone to Defendant Ink Publishing Corporation's existing and potential customers.

20.

Plaintiff performed his primary duty pursuant to guidelines promulgated by Defendants, including scripted pitches and directed targeting of specific categories of customers.

21.

Plaintiff's primary duty did not consist of work directly related to management policies or the general operations of the business.

22.

Plaintiff's primary duty did not require the exercise of discretion and independent judgment with respect to matters of significance.

23.

Plaintiff did not supervise two (2) or more employees and had no hiring or firing authority over other employees.

24.

Plaintiff was paid pursuant to a base income plus commissions earned on Plaintiff's sales.

25.

During the relevant time period, Plaintiff routinely worked in excess of forty (40) hours per workweek. However, when he did so, Defendant did not pay Plaintiff the overtime wage differential required by FLSA §7, 29 U.S.C. §207 for hours worked in excess of forty (40) hours in a workweek.

26.

Defendants were aware that the Plaintiff was working more than forty (40) hours in a workweek during the relevant time period.

27.

On or about October 12, 2010, Defendants were informed that a number of Defendant Ink Publishing Corporation's employees, including Plaintiff's sister, were pursuing litigation against Defendant Ink Publishing Corporation for violations of the FLSA.

28.

On or about October 12, 2010, Simon Leslie, Defendant Ink Publishing Corporation's publishing manager, and Defendant Andrews contacted Plaintiff to inform him about the litigation.

29.

On or about October 12, 2010, Defendant Andrews informed Plaintiff that he would be suspended if Plaintiff's sister sued Defendant Ink Publishing Corporation.

30.

On or about October 13, 2010, Defendant Andrews confronted Plaintiff at the office about Plaintiff's sister's litigation.

31.

On or about October 13, 2010, Defendant Andrews choked Plaintiff during the dispute regarding Plaintiff's sister's litigation.  Defendant Andrews stated to Plaintiff at this time that "if you ever step to me, I will kill you."

32.

Defendant Andrews had engaged in violent behavior in the workplace prior to choking Plaintiff.  For instance, in the summer of 2010, Defendant Andrews cut the skin surrounding Plaintiff's eye by thrusting a drinking straw in Plaintiff's face

8

at a business luncheon. Defendant Andrews also threw a large magazine at another employee, Ari Kasimov, while on the sales floor during business hours at Defendant Ink Publishing Corporation's Atlanta office.

33.

Simon Leslie, Defendant Ink Publishing Corporation's publishing manager, was aware of Defendant Andrews' propensity for violent behavior in the workplace.

34.

Following the incident in October 2010 in which Defendant Andrews choked Plaintiff, Defendants suspended Plaintiff for a period of two months.

35.

During Plaintiff's suspension, Plaintiff's accounts were sold by other employees and his commissions were given to other employees.

36.

Plaintiff was allowed to return to work in January 2011.

37.

After Plaintiff's return, Defendants continued to retaliate against Plaintiff by improperly withholding Plaintiff's commissions, reassigning his accounts,

decreasing his sales territory, denying accrued vacation time, and denying earned prizes known as "Ink Miles."

38.

Defendant Andrews bullied Plaintiff daily at the office, including harassing Plaintiff about his sister's litigation, publicly humiliating Plaintiff, decreasing Plaintiff's commissions, territory and account base, regularly threatening to terminate Plaintiff for infractions Plaintiff did not commit, and hovering daily over Plaintiff's desk in an intimidating fashion.

39.

Following Plaintiff's complaint to Simon Leslie regarding Defendant Andrews' continuing harassment and retaliatory conduct, Defendants terminated Plaintiff's employment.

40.

In September 2011, Mr. Leslie entered into negotiations with Plaintiff to restore Plaintiff's position at the company, and he issued to Plaintiff an offer of employment.

41.

After issuing the offer of re-employment, Mr. Leslie was informed that Plaintiff was participating in his sister's FLSA lawsuit, and Mr. Leslie rescinded

the employment offer based upon his belief that Plaintiff was involved in the litigation.

42.

Plaintiff officially opted into his sister's FLSA suit against Defendant Ink Publishing Corporation on November 1, 2011, and Plaintiff's suit was dismissed without prejudice on May 25, 2012.

## V. Violation of the Overtime Wage Requirement of the Fair Labor Standards Act

43.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

44.

Defendants, individually and collectively, jointly and severally, have violated FLSA §7, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in a workweek.

45.

Defendants suffered and permitted Plaintiff to routinely work more than forty (40) hours per week without overtime compensation.

46.

Defendants' actions, policies and/or practices violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff at the required overtime rate.

47.

Defendants knew or showed reckless disregard for the fact that they failed to pay Plaintiff overtime compensation in violation of the FLSA.

48.

Defendants' conduct was willful and in bad faith.

49.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover the overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

### VI. <u>Violation of the Anti-Retaliation Provisions of the Fair Labor Standards Act</u>

50.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

51.

Defendants individually and collectively, jointly and severally, have violated 29 U.S.C. §215(a)(3) by retaliating against Plaintiff for asserting his rights, and for his sister's assertion of rights, pursuant to the FLSA.

52.

In retaliating against Plaintiff, Defendants have caused Plaintiff pecuniary losses, including but not limited to lost wages, as well as non-pecuniary losses, including but not limited to emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

## State Law Claims

### VII . Negligent Retention and Supervision

53.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

54.

Defendant Ink Publishing Corporation knew or, in the exercise of ordinary care, should have known of the propensity of its employee Defendant Andrews to engage in violent conduct toward other employees, and Plaintiff in particular.

55.

Defendant Ink Publishing Corporation nevertheless retained Defendant Andrews as an employee, thereby failing and refusing to act to protect Plaintiff.

56.

Defendant Ink Publishing Corporation is thus liable to Plaintiff for all of the damages sustained as a result.

## VIII. Battery

57.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

58.

By choking Plaintiff in October of 2010, Defendant Andrews touched him in a harmful and offensive manner without permission or other justification. In doing so, Defendant Andrews committed battery.

59.

Defendant Andrews is liable for all general and special damages proximately resulting from the battery of Plaintiff.

## IX. <u>Prayer for Relief</u>

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)   Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA §7, 29 U.S.C. §207, liquidated damages as provided by 29 U.S.C. §216, court costs, expert witness fees and reasonable attorneys' fees as provided under FLSA §16, 29 U.S.C. §216, pre-judgment interest and all other remedies allowed under the FLSA;

(C)   Enter judgment awarding Plaintiff lost wages, an equal amount as liquidated damages, compensatory damages, attorneys' fees, costs, and all other remedies allowed under the FLSA for Defendants' retaliation against Plaintiff for the assertion of rights under the FLSA, including punitive damages should they be permitted;

(D)   Enter judgment awarding Plaintiff general damages for mental and emotional suffering caused by Defendants' misconduct, and punitive damages based on Defendants' willful, malicious, intentional and deliberate acts, including ratification, condonation and approval of said acts;

(E)   Grant declaratory judgment declaring that Plaintiff's rights have been violated; and

(F)   Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted the 14th day of September, 2012.

**BARRETT & FARAHANY, LLP**

s/ Benjamin A. Stark
Benjamin A. Stark
Georgia Bar No. 601867
Benjamin F. Barrett
Georgia Bar No. 039586
Amanda A. Farahany
Georgia Bar No. 646135
Attorneys for David Levy

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile